UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:17-CV-80793-ROSENBERG/HOPKINS

VOIT TECHNOLOGIES, LLC,

    Plaintiff,

v.

CCTV CAMERA PROS, LLC,

    Defendant.

_____/

**ORDER SETTING STATUS CONFERENCE,
CALENDAR CALL, PRETRIAL DEADLINES,
AND TRIAL DATE AND ORDER OF REFERENCE TO MAGISTRATE**

This Court enters the following Order to apprise the parties of the trial date in this case and to establish certain pretrial procedures. Many of the procedures delineated in this Order are unique to the undersigned and, as a result, the parties should carefully review this Order. This Order establishes pretrial deadlines. It is the Court's intention that this Order will provide the parties with all of the information they need to litigate before this Court.

**PLEASE TAKE NOTICE** that the above-captioned cause is hereby set for **Trial** before the Honorable Robin L. Rosenberg, United States District Judge, at 701 Clematis Street, Fourth Floor, Courtroom 2, West Palm Beach, Florida, during the **one-week trial period commencing** October 1, 2018 at 9:00 a.m., or as soon thereafter as the case may be called. **PLEASE TAKE FURTHER NOTICE** that a **Status Conference** will be held on August 29, 2018 at 9:30 a.m., a **Calendar Call** will be held on September 26, 2018 at 9:00 a.m, and a **Claim Construction Hearing** will be held on April 25, 2018 at 10:00 a.m. Counsel (or a *pro se* party) may appear at the Status Conference and the Calendar Call via telephone but must file a notice of telephonic

appearance at least one (1) day prior to the Status Conference or Calendar Call.[1]  Instructions for appearing via telephone are as follows:

1. Please call five (5) minutes prior to the Status Conference or Calendar Call.
2. The toll-free number is: 1 (877) 873-8018.
3. The access code is: 9890482.
4. The security code is: 4008.

The parties shall comply with the undersigned's rules as follows:

### 1. **SERVICE**

Unless service is waived, proof of service must be made to the Court by filing the server's affidavit immediately upon receipt.

### 2. **PRETRIAL DEADLINES**

**Discovery shall begin immediately** and the parties shall adhere to the following schedule, which shall not be modified absent compelling circumstances:

**October 27, 2017**: Rule 26(a)(1)(A) Initial Disclosures (if not provided earlier).

**October 27, 2017:** Plaintiff shall serve Disclosure of Asserted Claims and Preliminary Infringement Contentions and document production set forth in section 3(B) of the parties' Joint Case Management Report [DE 21].

**November 13, 2017:** Defendants shall serve the Preliminary Invalidity Contentions and document production set forth in section 4(B) f the parties' Joint Case Management Report [DE 21].

**November 17, 2017**: Joinder of Additional Parties and Amend Pleadings.

**November 27, 2017:** Deadline to designate a mediator and to schedule a time, date, and place for mediation.

---

[1] The status conference and calendar call will be held at the address and location specified above.  In the event the Court's schedule requires the status conference or calendar call to be held at another location, the Court will notify the parties by order.

**December 1, 2017:** Parties shall exchange Proposed Terms and Claim Elements for Construction.

**December 11, 2017:** Parties shall exchange Preliminary Claim Constructions and Extrinsic Evidence.

**January 18, 2018:** Parties shall file Joint Claim Construction and Prehearing Statement.

**February 2, 2018:** Claim Construction Discovery shall be completed.

**February 9, 2018:** First Mediation Conference.

**February 23, 2018:** Plaintiff shall file Opening Claim Construction Brief.

**March 9, 2018:** Defendants shall file Claim Construction Opposition Brief.

**March 23, 2018:** Plaintiff shall file Claim Construction Reply Brief.

**April 25, 2018:** Claim Construction Hearing.

**May 11, 2018:** All fact discovery shall be completed.

**May 11, 2018**: The parties shall provide opposing counsel with a written list with the names and addresses of all primary/initial expert witnesses intended to be called at trial and only those primary/initial expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30 day period following this disclosure, the parties shall make their experts available for deposition. The experts' deposition may be conducted without further Court order.

**May 25, 2018**: The parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries

of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2).[2] Within the 30 day period following this disclosure, the parties shall make their experts available for deposition. The experts' deposition may be conducted without further Court order.

**June 1, 2018:** All expert discovery shall be completed.

**June 11, 2018**: All Pretrial Motions, including summary judgment motions, *Daubert* motions, and motions *in limine* shall be filed.

**August 1, 2018**: Mediation must be completed.

**August 31, 2018**: Joint Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. Parties shall also exchange Rule 26(a)(3) witness and exhibit lists.

**September 6, 2018**: Cross-designations of deposition testimony and objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances.

**September 12, 2018**: Objections to cross-designations of deposition testimony and responses to objections to designations of deposition testimony shall be filed.

**September 24, 2018**: Jury Instructions.

In the event the parties are concerned with their ability to meet all pretrial deadlines and to be fully prepared to be able to try this case at the scheduled time, the parties may consider consenting to magistrate judge jurisdiction as a magistrate judge may be able to afford the parties greater latitude with respect to these deadlines. However, nothing in this Order shall preclude any party from moving for an extension of pretrial deadlines or a continuance of trial.

---

[2] Nothing in this Order shall modify the requirements of the Federal Rules with respect to when an expert summary report may be produced in lieu of a full, written expert report; a party may produce a summary expert report only when the Federal Rules so permit.

## 3. EXTENSIONS OF PRETRIAL DEADLINES

Provided that all parties are in agreement, any pretrial deadline(s) *prior* to the deadline for the filing for dispositive motions may be modified without Court order by filing a joint notice indicating the new pretrial deadline(s) reached by agreement. A motion need not be filed. If the parties elect to modify deadlines by agreement, the parties should not anticipate that the Court will modify other deadlines as a result of any possible prejudice to the parties.  Only when the parties seek and are unable to agree on a modification of a pretrial deadline or seek an extension of the deadline for dispositive motions or any deadline following the deadline for dispositive motions, should the parties file a motion with the Court.  If any party fails to follow the procedures in this order, the Court may deny the motion without prejudice.

The parties are cautioned that the Court will not grant continuances of the dispositive motion deadline or trial date lightly.  Any motion requesting either of these forms of relief should contain **detailed** information in support of the motion, including the amount and type of discovery that was undertaken in the case as of the filing of the motion.  In the event the Court declines to extend any deadline, the parties have the option of consenting to magistrate judge jurisdiction which affords the parties greater flexibility with pretrial deadlines and a trial date.

## 4. JURY TRIALS

In addition to filing their proposed jury instructions with the Clerk (the date for filing the proposed jury instructions is set forth in the pretrial scheduling order), the parties shall also submit A SINGLE JOINT SET of proposed jury instructions and verdict form in Word format directly to Rosenberg@flsd.uscourts.gov.[3]  To the extent these instructions are based upon the Eleventh Circuit pattern jury instructions, counsel shall indicate the appropriate Eleventh

---

[3] The joint set of proposed jury instructions should include both preliminary jury instructions (from the appropriate Eleventh Circuit pattern instructions) as well as final jury instructions.  Proposed voir dire questions and verdict forms should be e-mailed in Word format to this e-mail address as well.

Page 5 of 15

Circuit pattern jury instruction upon which their instruction is modeled. All other instructions shall include citations to relevant supporting case law.

The parties need not agree on the proposed language of each instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be italicized. Instructions and questions proposed only by defendant(s) to which plaintiff(s) object shall be bold-faced. Each jury instruction shall be typed on a separate page and, except for Eleventh Circuit pattern instructions clearly identified as such, must be supported by citations to authority. In preparing the requested jury instructions, the parties shall use as a guide the pattern jury instructions for civil cases approved by the Eleventh Circuit, including the directions to counsel contained therein.

5. **BENCH TRIALS**

An additional copy of all proposed Findings of Fact and Conclusions of Law (the date for filing the proposed Findings of Fact and Conclusion of Law is set forth in the pretrial scheduling order) shall be sent in Word format to the chambers e-mail account listed above. Proposed Conclusions of Law must be supported by citations to authority.

6. **EXHIBIT AND WITNESS LISTS**

Counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits (the date for filing the proposed witnesses and/or exhibit lists is set forth in the pretrial scheduling order). All exhibits shall be pre-labeled in accordance with the proposed exhibit list, and only numerical sequences are permitted—alphabetical designations shall not be used. Exhibit labels must include the case number, the exhibit number, and the party offering the exhibit. A

typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted prior to trial. Any composite exhibits should be listed separately, i.e. 1A, 1B, 1C, etc. The parties shall submit said exhibit list on AO Form 187, which is available from the Clerk's office and at http://www.uscourts.gov/services-forms/forms. At trial, the parties shall deliver to the Court a USB flash drive that contains digital copies of the exhibits. The parties must also comply with Administrative Order 2016-70.

### 7.  TRIAL PLAN AND STATUS CONFERENCE

At the Status Conference, the Court will require all parties to estimate the total number of witnesses each party intends to call at trial and to estimate the total amount of time requested for trial.

The parties shall file a joint trial plan no later than two (2) business days prior to Calendar Call. By way of example, if Calendar Call falls on a Wednesday, the joint trial plan shall be filed no later than the preceding Monday at 11:59 p.m. Also by way of example, if Calendar Call falls on a Wednesday and the preceding Monday is a federal holiday, the joint trial plan shall be filed no later than the preceding Friday at 11:59 p.m. The joint trial plan shall set forth the following information: (1) the anticipated length of time required for each party's opening statement; (2) the witnesses each party intends to call at trial, listed in the order in which these witnesses will be called;[4] (3) a *brief* description of each witness (*e.g.*, the identity of the witness and the relationship of the witness to any parties in the case); (4) whether the witness is an expert and, if so, the area of expertise of the witness; (5) whether each witness will testify live, by video deposition, or by reading of deposition testimony; (6) the anticipated length of

---

[4] If adjustments become necessary during trial, the Court will not require the parties to call their witnesses in the order in which they are listed in the joint trial plan, as long as sufficient advance notice of the adjustments is provided to the Court and opposing counsel. However, the Court expects very little deviation from the joint trial plan in all other respects.

time required for direct examination, cross examination, and redirect examination of each witness; (7) the anticipated length of time required for each party's closing argument; (8) any additional matters that may affect the course of trial; and (9) **an accurate summation of the total time allocated in the trial plan**.

The Court prefers the trial plan to be submitted using the following format:

| ▮▮▮▮▮▮ Opening Statement (estimated time) | | | 15 min | | |
|---|---|---|---|---|---|
| ▮▮▮▮▮▮ Opening Statement (estimated time) | | | 15 min | | |
| ▮▮▮▮▮▮ Proposed Witnesses (in proposed sequence) | Relationship to Party(s) | Live / Depo / Video * | Time Estimate for | | |
| | | | Direct | Cross | Redirect |
| 1. ▮▮▮▮▮ | Chief Operating Officer and General Counsel ▮▮▮ | L | 15 min | 20 min | 5 min |

Prior to filing the joint trial plan, the parties shall meet and confer regarding the matters outlined therein. The parties shall certify in the joint trial plan that they have complied with this requirement.

## 8. TRIAL NOTEBOOK

On or before noon on the Thursday preceding trial, the parties shall jointly submit, via hand-delivery to Chambers,[5] a trial notebook that contains documents relevant to trial as discussed below. Unless a requested document has not been filed with the Clerk, the requested document must be printed directly from CM/ECF. The documents must be organized in tabular fashion (with the tabs created and inserted by the parties) as follows:

- **Tab 1**: Trial Outline (containing the joint trial plan and joint pretrial stipulation)

---

[5] If trial is set in Fort Pierce, delivery should be to Chambers in Fort Pierce. If trial is set in West Palm Beach, delivery should be to Chambers in West Palm Beach.

- **Tab 2**: Pleadings (containing the operative complaints, answers, and affirmative defenses)

- **Tab 3**: List of Witnesses (containing all parties' witness lists)

- **Tab 4**: Exhibit Lists (containing all parties' exhibit lists on AO form 187 or a similar form)

- **Tab 5**: Pretrial Orders (the Court will insert the necessary documents into this tab)

- **Tab 6**: Voir Dire/Standard/Selection/Peremptory Strikes (containing a joint description of the case, to be read to jurors by the Court, and all parties' proposed voir dire questions)

- **Tab 7**: Preliminary Jury Instructions (containing the joint preliminary jury instructions from the pattern Eleventh Circuit instructions)

- **Tab 8**: Cautionary Instructions (the Court will insert the necessary documents into this tab)

- **Tab 9**: Deposition Designations (containing joint deposition designations with objections)

- **Tab 10**: Final Instructions (containing the joint proposed final jury instructions)

- **Tab 11**: Verdict (containing the parties' proposed verdict form(s))

The parties' obligations to provide the documents outlined above in the trial notebook do not relieve the parties of their respective obligations to provide Microsoft Word files of certain documents, such as proposed jury instructions, proposed voir dire questions, and proposed verdict forms.

## 9. **HEARINGS**

The Court will review *sua sponte* any motions (other than those referred to the Magistrate Judge) and determine which motions are appropriate for a hearing. Hearings usually are conducted from Monday through Friday beginning at 8:30 a.m., and are conducted for 15 minutes, unless the Court determines that more time is needed based on such factors as the complexity of the issues, the number of motions, or whether the hearing is evidentiary in nature.

Counsel is allowed to appear in person or via telephone. In order to appear via telephone, counsel must file a notice of telephonic appearance, as set forth in the Order Setting Hearing, at least one (1) day prior to the hearing. The Court will endeavor to give to the parties as much notice of the scheduled hearing as possible, but, at times, notice may be within a week of the hearing. The Court's *sua sponte* setting of hearings on motions does not preclude the parties from requesting oral argument, as appropriate, on filed motions. Finally, counsel should keep in mind the need to provide courtroom experience to the next generation of practitioners and, as a result, the Court will particularly welcome any lawyer with four or fewer years of experience to argue any of the motions set for a hearing.

### 10. REFERRAL OF CERTAIN PRETRIAL MOTIONS

Pursuant to 28 U.S.C. § 636(b)(l)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge James M. Hopkins for appropriate disposition of all *pro hac vice* motions, motions to substitute counsel, and pretrial motions related to discovery.

### 11. MOTIONS FOR SUMMARY JUDGMENT AND STATEMENTS OF MATERIAL FACTS

Local Rule 56.1(a) requires a motion for summary judgment (and opposition thereto) to be accompanied by a statement of material facts. Pursuant to Local Rule 56.1(a)(2), this statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court. In the event a respondent fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted. Local Rule 56.1(b). In the interest of judicial economy, in the interest of proper and careful consideration of each party's

statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court hereby orders the parties to file any statement of material facts as follows:

A statement of material facts shall be a separate filing from a motion for summary judgment or a response to a motion for summary judgment.

Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall reference pages (and line numbers, if necessary) of exhibits. When a material fact requires evidentiary support, a **general citation to an exhibit, without a page number or pincite, is not permitted**.

Each cited exhibit must be an attachment to the statement of material facts. By way of example, a statement of material facts may be filed in CM/ECF[6] with attachments as follows:

| Document Number: 113 | | 8 pages | 206 kb |
|---|---|---|---|
| **Attachment** | **Description** | | |
| 1 | Exhibit A - Amended Complaint | 33 pages | 1.0 mb |
| 2 | Exhibit B - ▮▮▮▮ Answer to Amended Complaint | 5 pages | 105 kb |
| 3 | Exhibit C - ▮▮▮▮ Affidavit dated 7/28/15 | 27 pages | 4.4 mb |
| 4 | Exhibit D - Part 1 - ▮▮▮▮ Affidavit dated 6/10/15 | 11 pages | 292 kb |
| 5 | Exhibit D - Part 2 | 33 pages | 1.1 mb |
| 6 | Exhibit D - Part 3 | 17 pages | 0.6 mb |
| 7 | Exhibit D - Part 4 | 27 pages | 7.7 mb |
| 8 | Exhibit D - Part 5 | 25 pages | 4.1 mb |

---

[6] The Court recognizes that pro se parties do not have control over how their filings appear in CM/ECF. Nonetheless, a pro se litigant's paper filing must comply with the requirements of this Order.

All citations in the statement of material facts must cite to the attached exhibits. For example, a citation could be to "Exhibit A, ¶ 2" or (for a deposition) "Exhibit C, p. 12 line 15" or "Exhibit C, 12:15".[7] Hypothetical unacceptable citations include the following: "Exhibit B" or "Smith Affidavit". Similarly, a party should not cite to "Smith Affidavit, pgs. 223-24" and should instead cite to "Exhibit E, Smith Affidavit, pgs. 223-24".

A respondent's statement of material facts must specifically respond to each statement in the movant's statement of material facts. By way of example, if a movant's statement of material facts reads as follows:

## MOVANT'S STATEMENT OF MATERIAL FACTS

1. Blackacre is owned by Movant. Exhibit B, ¶ 2.

2. Blackacre is currently under contract for sale. Exhibit C, pgs. 2-4.

A respondent's statement of material facts must clearly respond to each of the foregoing:

## RESPONDENT'S STATEMENT OF DISPUTED FACTS IN OPPOSITION TO MOVANT'S STATEMENT OF MATERIAL FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO MOVANT'S MOTION FOR SUMMARY JUDGMENT

Paragraph 1: Undisputed

Paragraph 2: Disputed. The contract for sale was never executed. Exhibit A, ¶ 5.

After a respondent addresses each of a movant's statement of material facts (and all disputed facts should be supported by specific citations) as above, a respondent may provide additional statements of material fact in accordance with the requirements of this Order.

---

[7] The citations in this section are not intended to correspond directly to the example image of a filing in CM/ECF.

In the event a party fails to comply with the requirements delineated in this section, the Court may strike the deficient statement of material facts and require immediate compliance, together with any other sanctions that the Court deems appropriate.

### 12. MOTIONS IN LIMINE

Each party is limited to filing one motion in limine that contains no more than three requests for relief. Any party may move for a modification of this limitation at least one week in advance of the deadline for filing motions in limine and must provide a detailed basis to support the requested relief.

### 13. PROPOSED ORDERS

Pursuant to the CM/ECF Administrative Procedures, counsel shall send proposed orders in Word format for all motions to be decided by the undersigned directly to Rosenberg@flsd.uscourts.gov.[8]

### 14. PRETRIAL STIPULATION

The Joint Pretrial Stipulation shall conform to S.D. Fla. L.R. 16.1(e). The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in preparing the Joint Pretrial Stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court will issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt for failure to comply with the Court's order. The pretrial disclosures and objections required under Fed. R. Civ. P. 26(a)(3) should be served, but not filed with the Clerk's Office, as the same

---

[8] This does not apply to motions that will be decided by Magistrate Judge Hopkins.

information is required to be attached to the parties' Joint Pretrial Stipulation. The filing of a motion to continue trial shall not stay the requirement for the filing of a Pretrial Stipulation.

### 15. COMPUTERS AND OTHER EQUIPMENT

Counsel desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use one week prior to the commencement of trial. The motion and proposed order should describe with specificity (1) the equipment, (2) the make and model of the equipment, and (3) the identity of the person who will bring the proposed equipment. A sample order permitting electronic equipment into the courtroom is available for viewing on the Court's website at: http://www.flsd.uscourts.gov. Counsel shall contact the courtroom deputy at least one week prior to trial to discuss any special equipment (video monitor, etc.) that may require special arrangements.

### 16. NON-COMPLIANCE WITH THIS ORDER

Intentional or repeated non-compliance with any provision of this Order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

### 17. SETTLEMENT

If the case is settled, counsel shall promptly inform the Court by calling the chambers of U.S. District Judge Robin L. Rosenberg at (772) 467-2340 and, within 10 days of notification of settlement to the Court, submit an appropriate Motion or Stipulation and proposed order for dismissal, pursuant to Federal Rule of Civil Procedure 41(a). The parties shall attend all hearings and abide by all time requirements unless and until an order of dismissal is filed.

### 18. COMMUNICATION WITH CHAMBERS

Rules regarding communication with Chambers are available for viewing at

http://www.flsd.uscourts.gov/?page_id=11799.

### 19. MEDIATION

Pursuant to Local Rule 16.2, this case is referred to mediation as follows:

a. Mediation shall be completed by the above stated deadline for completing mediation;

b. The parties shall—within the above stated deadline to designate a mediator and to schedule a time, date, and place for mediation—agree upon a mediator and file a Notice with the Court naming the chosen mediator and stating the date, time, and location for which mediation has been scheduled. If the parties are unable to agree upon mediator, they shall ask the Clerk of Court to designate a mediator from the list of certified mediators on a blind random basis;

c. Counsel for Plaintiff shall be responsible for coordinating a mediation date, time, and location agreeable to the mediator and all counsel of record;

d. **Within one (1) day** of the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof; and

e. The parties shall refer to the portion of this Order designated "17. Settlement" for instructions on how to proceed after settlement.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 27th day of October, 2017.

*/s/ Robin L. Rosenberg*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record